## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| KELLY, SUTTER, MOUNT & | § | |
| KENDRICK, P.C. D/B/A KELLY, | § | |
| SUTTER & KENDRICK, P.C. AND | § | |
| J. DOUGLAS SUTTER, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-05-2213 |
| | § | |
| ROBERT ALPERT, | § | |
| | § | |
| Defendant. | § | |

### MEMORANDUM AND OPINION

After an evidentiary hearing, this court entered findings of fact and conclusions of law denying defendant Robert Alpert's motion for relief from the default judgment against him. (Docket Entry No. 33). This court found and concluded that Alpert had been validly served with process under Rule 4 of the Federal Rules of Civil Procedure but had failed to answer or otherwise respond.

Alpert has filed a second motion to set aside the default judgment and the amended default judgment under Rule 60(b)(1) of the Federal Rules of Civil Procedure, a motion for new trial under Rule 59 of the Federal Rules of Civil Procedure, and a motion to stay enforcement of the default judgment proceedings pending the resolution of these motions. (Docket Entry Nos. 38, 39, 40).

Based on a careful review of the record, the motions, and the applicable law, this court denies the motions to set aside the default judgment and for a new trial and the motion to stay is moot.  The reasons for the ruling are explained below.

## I.     The Legal Standards

Rule 60(b) allows the trial court to "correct obvious errors or injustices." *Fackelman v. Bell*, 564 F.2d 734, 736 (5th Cir.1977). "The extraordinary relief afforded by Rule 60(b) requires that the moving party make a showing of unusual or unique circumstances justifying such relief." *Wright v. Robinson*, 113 Fed. Appx. 12, 16 (5th Cir. 2004) (citing *Pryor v. U.S. Postal Serv.*, 769 F.2d 281, 286 (5th Cir.1985)).  Under Rule 60(b)(1), a district court may grant relief from a judgment for "mistake, inadvertence, surprise, or excusable neglect." FED. R. CIV. P. 60(b)(1). In determining whether sufficient grounds exist for setting aside a judgment, district courts are to consider: (1) the culpability of the defendant's conduct; (2) the extent of prejudice to the plaintiff; and (3) the merits of the defendant's asserted defense. *Rogers v. Hartford Life & Accident Ins. Co.,* 167 F.3d 933, 938–39 (5th Cir.1999) (citations omitted). Additional factors may be considered by the court as well, and "the decision of whether to grant relief under Rule 60(b)(1) falls within [the district court's] sound discretion." *Id.*  "A finding of willful default ends the inquiry, for 'when the court finds an intentional failure of responsive pleadings there need be no further finding.'" *Wright*, 113 Fed. Appx. at 16 (citing *Lacy v. Sitel Corp.,* 227 F.3d 290, 292 (5th Cir.2000)).

Alpert moves for a new trial under Rule 59(a) of the Federal Rules of Civil Procedure. (Docket Entry No. 38).  When a default judgment has been entered, a motion for new trial

must be considered under Rule 59(e).  *United States v. One 1988 Dodge Pickup*, 959 F.2d 37, 39–41 (5th Cir. 1992); *Garden City Boxing Club, Inc. v. Collins*, 2006 WL 2037567, at *2 (S.D. Tex. 2006); *see also Piazza's Seafood World, L.L.C. v. Odom*, 448 F.3d 774, 748 at n.9 (5th Cir. 2006) (characterizing Rule 59(a) motion after summary judgment as 59(e)); *Patin v. Allied Signal, Inc.*, 77 F.3d 782 (5th Cir. 1996) (same).

A Rule 59(e) motion "calls into question the correctness of a judgment."  *Templet v. Hydrochem Inc.*, 367 F.3d 473, 478–79 (5th Cir. 2004) (citing *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002)).  "A motion to alter or amend the judgment under Rule 59(e) 'must clearly establish either a manifest error of law or fact or must present newly discovered evidence' and 'cannot be used to raise arguments which could, and should, have been made before the judgment issued.'" *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863–64 (5th Cir. 2003) (quoting *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)).  Relief is also appropriate when there has been an intervening change in the controlling law.  *Schiller v. Physicians Resource Group Inc.*, 342 F.3d 563, 567 (5th Cir. 2003).  The Fifth Circuit warns that altering, amending, or reconsidering a judgment under Rule 59(e) is an extraordinary remedy that courts should use sparingly.  *Templet*, 367 F.3d at 479; *see also* 11 Charles A. Wright, Arthur R. Miller, & Mary Kay Kane, FEDERAL PRACTICE & PROCEDURE § 2810.1, at 124 (2d ed. 1995).  The Fifth Circuit has stated that the Rule 59(e) standard "favors denial of motions to alter or amend a judgment."  *S. Constructors Group, Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993).

## II.      The Second Motion to Set Aside the Default Judgment

3

In his second motion to set aside the amended default judgment, Alpert offers argument under Rule 60(b)(1) rather than relying on Rule 60(b)(4), as he did in his previous motion. Alpert now argues that he failed to respond to the service of the summons and complaint because of excusable negligence. (Docket Entry No. 39 at 2–4). This argument was not presented in the evidentiary hearing or briefs.

Alpert has previously admitted that the service papers that his housekeeper, Alicia Sanchez, accepted on his behalf were on his desk when he returned from an extended vacation in September 2005. Alpert knew that he had been sued and that the papers were from that lawsuit. Yet Alpert made no inquiry when he found the summons and complaint for that lawsuit on his desk. (Docket Entry No. 34 at 54). Alpert argues that he thought the papers were a copy of the summons and complaint he had received in the mail in July 2005. Yet he made no inquiry into why he would receive a second copy of the same summons and complaint he had earlier received.

In considering a Rule 60(b)(1) motion, the trial court has considerable, but not boundless, discretion. *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990). "Gross carelessness is not enough. Ignorance of the rules is not enough, nor is ignorance of the law." *Pryor*, 769 F.2d at 287 (citing 11 Wright & Miller, FEDERAL PRACTICE AND PROCEDURE § 2858 at 170). As the Fifth Circuit has emphasized, "a party has a duty of diligence to inquire about the status of a case." *Id*.

In *Baez v. S.S. Kresge Co.*, 518 F.2d 349 (5th Cir.1975), the court denied relief under Rule 60(b)(1) for Kresge's failure to respond to service of process. In that case, the

defendant's agent had received the summons and complaint and forwarded the papers to another corporate officer, who in turn forwarded them to outside counsel. The papers were lost in transit. The court found that although the postal service failed to deliver the papers when the defendant forwarded them, that was not excusable neglect. *Id.* at 350. The circuit court affirmed, finding that "rather minimal internal procedural safeguards could and should have been established which would have prevented this loss." *Id.*

In *Gibbs v. Air Canada*, 810 F.2d 1529 (11th Cir. 1987), the plaintiff served Air Canada's regional manager, who forwarded the complaint to its in-house counsel. Air Canada did not answer or otherwise respond. After a default judgment was entered, Air Canada moved to set aside the judgment on the basis of Rule 60(b)(1), claiming that a mail clerk misplaced the complaint. The district court set aside only the damages portion of the default judgment. The court did not find excusable negligence because "Air Canada's failure to answer the complaint was caused by its lack of minimum procedural safeguards." *Id.* at 1532. The Eleventh Circuit affirmed, finding that the "minimum procedural safeguards" discussed in *Baez* "relate to some system of checking up on process to see that it has in fact reached its destination and that action is being taken." *Id.* at 1537; *Florida Physician's Ins. Co., Inc. v. Ehlers*, 8 F.3d 780 (11th Cir. 1993).

In this case, Alpert received a summons and a complaint relating to a lawsuit he knew had been filed. He was aware that he had received a summons and complaint in the same case months earlier. Yet Alpert failed to inquire about the second set of service papers relating to the same lawsuit. He did not make any inquiry into how the papers came to be

5

there or the status of the lawsuit.  Alpert has failed to show the "unique circumstances" required to vacate the judgment under 60(b)(1).  *Pryor*, 769 F.2d at 287.  Alpert's failure to make any inquiry into the papers waiting for him in September 2005, when he returned to his home after an extended absence, given his experience in litigation, was not excusable negligence.

## III.   The Motion to Set Aside the Judgment

Alpert asks this court to set aside the judgment under Rule 59(e), arguing that manifest legal errors and a refusal to consider new evidence require this result.  Alpert first argues that this court improperly placed the burden of proving effective service of process on him.[1]  This court placed the burden on Kelly Sutter to show proper service on Alpert.  Kelly Sutter asserted that service had been effected by delivery to Alpert's full-time housekeeper.  The issue was whether the housekeeper, Alicia Sanchez, was living in the Alpert home in August 2005, when service was effected.  Alpert testified at the hearing.  A videotaped deposition of Sanchez was also submitted.  Kelly Sutter presented the live testimony of the process server, Jeff Showen, and his written records. The evidence was undisputed that Sanchez was a live-in housekeeper at the Alpert home for a number of years.  (Docket Entry No. 33 at 8).  Alpert testified that Sanchez had moved to her boyfriend's home before August 2005 and

---

[1] Alpert alleges that this court was "unhappy with Alpert's refusal to waive service of process" and responded with "[p]unishment by refusing to set aside the default judgment."  (Docket Entry No. 39 at 3).  The record and evidentiary hearing do not support this allegation.  The record shows that the court refused to set aside the default because the evidentiary hearing showed that Alpert had been properly served.  Alpert also alleged that this court was somehow influenced by "Plaintiff's apparently successful efforts to prejudice this Court in their Response."  (*Id*. at 4).  The record does not support this argument.

continued to work full-time at the Alpert home in August 2005.   This court found reliable the process server's testimony that Sanchez identified herself to him as living in the Alpert home.   This court also found inconsistencies in Sanchez's testimony.   Sanchez testified in her deposition that she was living in the Alpert home but also testified that she was living with her boyfriend.   Sanchez did not, however, know her boyfriend's address.   In August 2005, Sanchez still had her own bedroom and bathroom in the Alpert home and kept personal items there.   (Docket Entry No. 33 at 9–10).

Kelly Sutter presented credible evidence that it validly served Alpert by personally serving his live-in housekeeper at Alpert's home, leading this court to conclude that Kelly Sutter had carried its burden of proof on this issue.   This court noted in its findings and conclusions that certain testimony did not show that Sanchez was living outside the Alpert house in August 2005, to show why portions of Sanchez's testimony would not support Alpert's version of the events surrounding the challenged service of process.   Noting that the evidence Alpert presented lacked credibility did not shift the burden of proof.

Alpert also contends that this court "changed the record without notice or opportunity to object being given to Alpert."   (Docket Entry No. 38 at 3).   The record does not support this characterization.   Alpert's attorney objected on the basis of hearsay to the process server's testimony about what Sanchez said.   This court overruled the hearsay objection and admitted the testimony as evidence of what Sanchez had said.   (Docket Entry No. 35 at 14). This testimony came at the very beginning of the evidentiary hearing.   After considering Sanchez's deposition testimony, this court concluded that Sanchez's statement was

admissible as a statement made in the course of her employment by Alpert under Rule 801(d)(1)(D) of the Federal Rules of Evidence. (Docket Entry No. 33 at 4–5). This court determined that the course and scope of Sanchez's employment as a full-time housekeeper included receiving packages, papers, and mail that did not require payment on delivery, as well as cleaning the home and taking care of Alpert's child and pets. (*Id*. at 8, 11). "The weight of the testimony supports a finding that Alpert expected and authorized Sanchez to answer the door and accept deliveries of mail and packages of regular size that did not require cash on delivery." (*Id.* at 11–12). It was within the course of Sanchez's employment with Alpert to accept the service papers, which required no payment on delivery.

Alpert also objects to this court's ruling with respect to additional affidavits that he submitted at the end of the evidentiary hearing. The court stated that the affidavits would be filed and allowed the plaintiffs to object and Alpert to respond. (Docket Entry No. 35 at 97–99). The court did not then make a definitive ruling but allowed the parties to present argument about the affidavits at a later time. (*See, e.g.*, *id.* at 99–100). Alpert failed to respond to the plaintiffs' objections to admitting the affidavits. In reviewing the full record, this court determined that the affidavits Alpert presented were not only cumulative, but also contained inadmissible hearsay. Alpert's claim that the court changed its ruling after the fact without permitting him to respond is without merit.

Even if the affidavits had been admitted, they would not have altered this court's finding that when the service was effected, the housekeeper lived in the Alpert home during

the weeks and that she was authorized to receive deliveries of papers.  The affidavits would not have changed this court's credibility assessments, findings, or conclusions.

Alpert also objects to this court amending the default judgment after the evidentiary hearing "simply because of Alpert's challenge to the default judgment." (Docket Entry No. 39 at 2).  This court amended the default judgment to include Kelly Sutter's "additional, reasonable costs" in responding to Alpert's unsuccessful Rule 60(b)(4) motion.  (Docket Entry No. 33 at 23).  Rule 54(d)(1) of the Federal Rules of Civil Procedure provides that "costs, other than attorneys' fees shall be allowed as of course to the prevailing party unless the district court otherwise directs." FED. R. CIV. P. 54(d)(1).  Rule 54(d)(1) "contains a strong presumption that the prevailing party will be awarded costs." *Pancheco v. Mineta*, 448 F.3d 783, 793 (5th Cir. 2006) (citing *Schwarz v. Folloder*, 767 F.2d 125, 131 (5th Cir.1985)).  "[T]he prevailing party is *prima facie* entitled to costs," and denial of costs is "in the nature of a penalty." *Id.* at 793–94 (citing *Schwarz*, 767 F.2d at 131).  This court "may neither deny nor reduce a prevailing party's request for cost without first articulating some good reason for doing so." *Id.* at 794 (citing *Schwarz*, 767 F.2d at 131).  This court has not found, and Alpert has not argued, reason to refuse Kelly Sutter's request for costs under Rule 54(d)(1).

Alpert asks for a new evidentiary hearing to present additional testimony.  Alpert is asking for a second chance to present evidence that he could have presented earlier to rebut the evidence presented by Kelly Sutter, that met its burden of proving effective service. Alpert has failed to show a manifest error of law or new evidence that would warrant the

"extraordinary relief associated with the granting of a motion for reconsideration" under Rule 59. *Templet*, 367 F.3d at 479–80.

## IV. Conclusion

The motion for a new trial and the motion to set aside the default judgment are denied. (Docket Entry Nos. 38, 39).  The motion to stay is denied as moot.  (Docket Entry No. 40).

SIGNED on October 25, 2006, at Houston, Texas.

_____

Lee H. Rosenthal
United States District Judge

10